UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE ROANE, | : | Case No. 2:22-cv-2768 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, CORRECTIONAL RECEPTION CENTER, et al., | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff, a prisoner currently at the Ross Correctional Institution, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Warden of the Correctional Reception Center (CRC) and Officer Jonathon Mills for violations of plaintiff's rights while he was housed at CRC. Plaintiff states that he is suing the defendants in both their individual and official capacities. By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

---

[1] Formerly 28 U.S.C. § 1915(d).

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff alleges that on September 16, 2021, defendant Officer Mills opened his cell door and accused him and his cellmate of smoking. (Doc. 1 at PageID 2). According to plaintiff, he

3

explained to Mills that they were not smoking but Mills nevertheless subjected him and his cell mate to a strip search. Plaintiff alleges that Mills conducted the search with the door wide open in the view of all surrounding inmates. Plaintiff further alleges that Mills made several sexual and derogatory comments during the course of the search, apparently designed to humiliate him. Plaintiff claims the public nature of the search and attendant comments made him fear for his safety.

On October 6, 2021, plaintiff claims that the institutional inspector reviewed his informal complaint, determined that Mills violated prison policy, and forwarded the action to the defendant Warden. However, plaintiff alleges that the Warden took no corrective action with regard to Mills' conduct. (*Id.* at PageID 3).

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 4).

**C. Analysis.**

Based on the above allegations, plaintiff claims that defendant Mills violated his right to be free from cruel and unusual punishment and his right to privacy, and that the defendant Warden failed to correct Mills' actions. The Court understands these claims to be brought under the Fourth and Eighth Amendments to the United States Constitution. Plaintiff also purports to bring state-law claims under Ohio Rev. Code § 2921.45(A).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Fourth and Eighth Amendment claims for damages against defendant Mills in his individual capacity based on plaintiff's allegations that Mills conducted the September 16, 2021 strip search without penological purpose and/or acted to humiliate plaintiff in the course of the strip search. *See Stoudemire v. Mich. Dep't*

*of Corr.*, 705 F.3d 560, 572-75 (6th Cir. 2013). *See also Fugate v. Erdos*, No. 21-4025, 2022 WL 3536295, at *13 (6th Cir. Aug. 18, 2022).

Plaintiff's remaining claims against defendants should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, plaintiff's claims against defendants in their official capacities must be dismissed to the extent that he seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the defendants are immune from suit in their official capacities.

Next, the Warden should be dismissed as a defendant to this action.  Plaintiff seeks to hold this defendant liable for the conduct of subordinates or for failure to take corrective action.  To the extent that plaintiff names the Warden as a defendant based on his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.  See *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."  *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act.  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  The mere fact that defendant is the CRC Warden and failed to take corrective action in response to plaintiff's informal complaint is not enough to impose liability on this defendant under section 1983.

Additionally, plaintiff claims that defendants violated Ohio Rev. Code § 2921.45(A), which states "[n]o public servant . . . shall knowingly deprive, or conspire to attempt to deprive any person of a constitutional or statutory right."  However, plaintiff has failed to state a claim upon which relief may be granted under § 2921.45, as the Ohio criminal statute does not provide him with a private cause of action.  See *Stewart v. Kahn*, Case No. 5:20-cv-2818, 2021 WL 2720618, at *3-4 (N.D. Ohio July 1, 2021).

Finally, plaintiff's claims for declaratory and injunctive relief are also subject to dismissal.  Because plaintiff is no longer incarcerated at the CRC—the facility where the alleged violations of his rights occurred—his requests for declaratory and injunctive relief against defendants are moot.  See *Parks v. Reans,* 510 F. App'x 414, 415 (6th Cir. 2013) (per curiam) (citing *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996)) (holding that the district court properly dismissed the

plaintiff's request for injunctive and declaratory relief based on incidents that had occurred at a prison facility where he was previously confined because the request was rendered "moot upon his transfer to a different facility"); *cf. Dulaney v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (holding that request for injunctive relief based on Eighth Amendment claim of denial of medical care was rendered moot by the plaintiffs' release from the prisons involved in the case).

Accordingly, in sum, plaintiff may proceed with his Fourth and Eighth Amendment claims for damages against defendant Mills in his individual capacity. Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), with the exception of plaintiff's Fourth and Eighth Amendment claims for damages against defendant Mills in his individual capacity.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Mills, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 3, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge